IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jason Solomon, | Case No. 3:18 CV 2541 |
| Plaintiff, | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| Phillip Gordan-Soloman, | JUDGE JACK ZOUHARY |
| Defendant. | |

Plaintiff *pro se* Jason Solomon filed a Complaint (Doc. 1) against Defendant Phillip Gordan-Soloman. Plaintiff alleges Defendant was "running equipment torturing [him] for 27 years and following [him] from state to state" (*id.* at 1). He further alleges Defendant is bribing state prosecutors and common pleas court judges. He states he has been at the Northwest Ohio Psychiatric Hospital for over four years (*id.* at 2). He does not allege additional facts, does not assert any legal claims, and does not state the relief he seeks. Plaintiff also asks to proceed *in forma pauperis* (Doc. 2).

Under 28 U.S.C. § 1915(e), this Court is required to dismiss an *in forma pauperis* action if it fails to state a claim upon which relief may be granted or "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id*. at 327. An action has no arguable basis in fact when the allegations are "irrational" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts construe *pro se* complaints liberally, this leniency has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required "to conjure allegations" on their behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted).

Plaintiff's Complaint does not meet the minimum pleading requirements. It contains very few facts, no legal claims, and no prayer for relief. It does not state a claim upon which relief could be granted.

Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) is granted, and this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 5, 2019